```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MUHAMMAD DYE, | : | **CASE NO. 1:12-CV-0575** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| BRYAN BLEDSOE, | : | |
| Respondent | : | |

### REPORT AND RECOMMENDATION

The petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is challenging his continued confinement in the Special Management Unit (SMU) at the United States Penitentiary at Lewisburg. He contends that he has been held in the SMU longer than provided for by a Bureau of Prisons Program Statement.

The respondent contends that the petitioner's claim is not cognizable in a habeas corpus case. We agree.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.  "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Habeas corpus is also available to a federal prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 243 (3d Cir. 2005).  But to challenge the execution of his sentence under Section 2241, a federal prisoner must allege that the Bureau of Prisons' "conduct was somehow inconsistent with a command or

2

recommendation in the sentencing judgment." *Cardona v. Bledsoe,* __F.3d __, __ (3d Cir. 2012)(holding that claim that transfer to SMU was done in retaliation for legal actions and was not proper under the Program Statement could not be brought as a habeas corpus claim under Section 2241).

The petitioner is not challenging his conviction or the very fact or duration of his physical imprisonment. Nor does he claim that his continued confinement in the SMU is inconsistent with a command or recommendation in his sentencing judgment. So he is not challenging the execution of his sentence. Thus, the petitioner's claim is not within the scope of habeas corpus.

Although we make no determination as to the merits of any such claim, we note that the petitioner's claim may be cognizable as a *Bivens*[1] claim. Certain statutory provisions cause it to be important that the court make a threshold determination whether a prisoner's action is a habeas corpus

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971)

action or a civil rights action such as *Bivens* action.  One is that there is a different filing fee for a civil rights action as compared to a habeas action.  Also, in civil rights actions *in forma pauperis* and other restrictions are in place under the Prison Litigation Reform Act of 1996, including the "three strikes" provision of 28 U.S.C. § 1915(g).  The petitioner may not avoid the requirements of 28 U.S.C. § 1915 by titling a civil rights action as a habeas corpus action.

      Because the petitioner has not presented a claim which is cognizable as a habeas corpus claim, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   June 26, 2012.